UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**WILLIAM DALE WATSON,**
    Petitioner,

**v.**

**WARDEN CHADWICK,
CRABTREE, et al.,**
    Respondents.

Case No. 5:22-cv-1386-CLM-JHE

## MEMORANDUM OPINION

    Petitioner William Dale Watson filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). The magistrate judge has entered a report, recommending the court grant the respondents' motion for summary dismissal and dismiss Watson's claims with prejudice as untimely. (Doc. 12). Watson objects to the report and recommendation, asserting that he is entitled to equitable tolling or that 28 U.S.C. § 2244(d)(1)(B) triggered the limitation period and his claims are timely filed. (Doc. 15 at 1–4).

    The AEDPA limitation period may be equitably tolled only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). The petitioner bears the burden of proving his entitlement to equitable tolling, *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based on a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. *See Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1072 (11th Cir. 2011). As explained below, Watson has not made the requisite showing that he diligently pursued his claims and that some extraordinary circumstance prevented him from timely filing his federal habeas petition.

### 1. Extraordinary Circumstance: law library

Watson contends that he is entitled to equitable tolling because prison officials denied him and other prisoners access to the law library from October 2020 to November 2022 because of the COVID-19 pandemic. (Doc. 15 at 1–3).[1] "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983). And the Due Process Clause assures prisoners a right of meaningful access to the courts. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002). But a law library "is merely one constitutionally acceptable method to assure meaningful access to the courts," and "alternative means" such as appointment of legal counsel or assistance from other legally trained persons are permitted. *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996) (internal quotation marks and citation omitted). Plus, different ways to guarantee a prisoner's access to courts are not cumulative of one another. *Id.* So for example, a prisoner represented by counsel is not also entitled to the right to access a law library.

Watson was represented by counsel during his collateral post-conviction proceedings. (Doc. 1 at 13; Doc. 7-18 at 13–33, 157–59; Doc. 7-20; Doc. 7-23; Doc. 7-25). And Watson acknowledges counsel represented him until November 12, 2021, when the Alabama Supreme Court denied his petition for writ of certiorari. (Doc. 11 at 5). Because Watson was represented by counsel until November 12, 2021, he was not also entitled to access to a law library during that period. *See Thomas v. Baldwin Cty. Corr. Ctr.*, No. 16-0555, 2017 WL 2602029, at *8 (S.D. Ala. Apr. 27, 2017) (finding that prisoner did not establish an access to courts claim because of lack of law library because he was represented by counsel during his criminal proceedings), *report and recommendation adopted*, 2017 WL 2592426 (June 15, 2017).

Accepting as true that Watson lacked access to a law library between November 12, 2021, when he was no longer represented by counsel, and November 9, 2022, when prison officials granted prisoners access to the law library, Watson is not entitled to equitable tolling. Watson asserts that "there

---

[1] Watson alleged in his reply brief that prison officials began denying prisoners access to the law library in August 2020. (Doc. 11 at 5).

was no way" for him to file a federal habeas petition "without access to the prison law library." (Doc. 15 at 2). But Watson filed his 2254 petition on October 13, 2022—nearly one month ***before*** he says prison officials finally granted prisoners access to the law library on November 9, 2022. (Doc. 1 at 16; Doc. 11 at 5; Doc. 15 at 3). So Watson's lack of access to a law library did not prevent him from understanding that his state collateral proceedings had concluded or from filing a federal habeas action. Because the record shows that Watson could file his petition before gaining access to the law library, the court finds that his lack of access to the law library didn't present an extraordinary circumstance warranting equitable tolling. As a result, the court **OVERRULES** Watson's objections based on equitable tolling grounds.

### 2. Commencement of Time Limit

Watson asserts that the limitation period did not begin to run when his conviction became final under 28 U.S.C. § 2244(d)(1)(A). (Doc. 15 at 2–3). He argues that instead § 2244(d)(1)(B) triggered the limitation period—the date on which an impediment to filing a petition created by State action in violation of the Constitution is removed, if the applicant was prevented from filing by such State action. (Doc. 15 at 3). According to Watson, the limitation period did not begin to run until November 2022, when prison officials allowed him access to the law library. (*Id.*).

In support of his assertion, Watson cites *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003), in which the Fifth Circuit determined that a state prison's failure to make a copy of AEDPA, or any other federal materials, available to the petitioner, without some alternative arrangement to notify the petitioner of his rights, constituted a state created impediment to filing a petition under § 2244(d)(1)(B). *Egerton*, 334 F.3d at 438–39.

*Egerton* is not binding on this court and also distinguishable from the facts here. As the Fifth Circuit noted, the petitioner in *Egerton* "did not file his state or federal habeas petitions" until after he was transferred to a facility "where he claim[ed] an adequate law library was available." *Id.* at 437. Because the petitioner didn't file his habeas petition until after he had access to an adequate law library, the Fifth Circuit distinguished the facts in *Egerton* from prior precedent in which an inadequate law library was found

3

to not trigger § 2244(d)(1)(B). *Egerton*, 334 F.3d at 437. As the court explained, the petitioner in *Felder v. Johnson*, 204 F.3d 158, 172–72 (5th Cir. 2000) argued that inadequacies in the law library prevented him from discovering AEDPA's limitations period. *Egerton*, 334 F.3d at 437. But the court determined that the petitioner could not rely on § 2244(d)(1)(B) "because he had filed his petition *prior to obtaining a copy of the AEDPA.*" *Id.*

Prison officials' failure to provide Watson access to a law library between November 2021 and November 2022 did not prevent him from filing a habeas action because he filed this case in October 2022 before he allegedly had access to the law library. So Watson's circumstances mirror those of the petitioner in *Felder*, not *Egerton*. As a result, the State did not create any impediment which prevented Watson from filing his federal habeas petition. The court thus finds that § 2244(d)(1)(B) did not trigger Watson's limitation period and **OVERRULES** Watson's objections based on this ground.

—

After considering the record, the magistrate judge's report, and Watson's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court will grant the respondents' motion for summary dismissal on timeliness grounds.

The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds that Watson's claims satisfy neither standard, so the court will not issue a certificate of appealability.

The court will enter a separate order that closes this case.

**Done** on September 18, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE